**Delcy Lisseth MAYORGA–MAYORGA,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

**No. 06–74422.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2008.*

Filed July 9, 2008.

Elizabeth Torres, Foss and Torres, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Amber B. Blaha, Esq., DOJ–U.S. Department of Justice Environment & Natural Resources Div., Washington, DC, for Respondent.

Before: REINHARDT, LEAVY, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Delcy Lisseth Mayorga–Mayorga, native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252.

We review due process claims *de novo,* reversing only if the proceedings were so fundamentally unfair that the alien was prevented from reasonably presenting her case. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

In Mayorga–Mayorga's opening brief, she fails to address, and therefore has waived, any challenge to the agency's determination that she is ineligible for relief on the merits of her asylum, withholding, and CAT claims. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir. 1996).

The court does not have jurisdiction to review Mayorga–Mayorga's due process challenge based on the IJ's alleged failure to forward her application to the Department of State, because she did not exhaust

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 676–78 (9th Cir. 2004).

Finally, even if the IJ erred by failing to discuss the State Department's country report on Guatemala, the BIA's discussion of the country report cured any error. *See Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995) (any error caused by the IJ's refusal to consider the petitioner's exhibits was cured by the BIA's subsequent consideration of that evidence). Accordingly, Mayorga–Mayorga did not show the agency prevented her from reasonably presenting her case. *See id.*

Mayorga–Mayorga's counsel is cautioned that her opening brief does not meet this court's standards. *See generally* Fed. R.App. P. 28; 9th Cir. R. 28–2.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.